UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY LECKRONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-01660-AGF |
| | ) | |
| JOST CHEMICAL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendant Jost Chemical Company's motion to strike Paragraphs 47 through 50 of the complaint (ECF No. 8) and motion to dismiss Count I of the complaint (ECF No. 7). For the reasons set forth below, the Court will grant the motion to strike and deny the motion to dismiss.

**BACKGROUND**

This is an employment discrimination action in which Plaintiff Jeffrey Leckrone alleges that he was wrongfully terminated by Defendant on the basis of race. The complaint sets forth the following facts, which are taken as true for the purposes of Defendant's motion to dismiss:[1]

Plaintiff alleges that on May 19, 2025, Defendant terminated Plaintiff's employment as a chemical line operator after he experienced and reported racial discrimination at work. Following his termination, Plaintiff requested a service letter

---

[1] *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

explaining the reasons he was discharged, and Defendant responded by stating that Plaintiff was "a poor culture fit" and had misused a company forklift. ECF No. 4 at 5; ECF No. 4-1. Plaintiff believed that the reasoning provided by Defendant was pretext for race discrimination, prompting him to pursue a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

The EEOC received Plaintiff's charge on July 3, 2025. *See* ECF No. 7-1 (Plaintiff's charge). Fifty-four days later, on August 26, 2025, the EEOC issued Plaintiff a notice of right to sue. The notice is titled "Notice of Right to Sue (Issued on Request)" and states as follows:

> The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed. The EEOC is terminating its processing of this charge.

ECF No. 4-2 (notice of right to sue attached as exhibit 2 to complaint). Importantly, the notice goes on to state that "[t]his is official notice that the EEOC has **dismissed** your charge." *Id*. (emphasis added). Thereafter, Plaintiff timely filed a petition in state court alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") in Count I and 42 U.S.C. § 1981 in Count II. The action was removed to this Court on November 12, 2025.

Defendant first moves to strike paragraphs 47 to 50 of the complaint, which Defendant argues are irrelevant allegations related to a theory of discrimination not raised in the complaint. This motion is unopposed.

2

Defendant also moves to dismiss Count I, Plaintiff's Title VII claim, for failure to properly exhaust administrative remedies.  Defendant argues that the notice of right to sue issued to Plaintiff by the EEOC was invalid, as it was not issued on the timeline permitted by Title VII.  Defendant points to statutory language allowing the EEOC to issue a notice of right to sue only after the EEOC dismisses the charge or 180 days have passed without conciliation or civil action by the EEOC.  The EEOC's own regulations allow the agency to issue a notice of right to sue on request if the agency finds it probable that it will be unable to complete investigation or conciliation of the charge within 180 days.  Defendant contends that in light of the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), this EEOC regulation should be scrutinized and found invalid, as it imposes additional grounds not authorized by Title VII under which a right to sue notice may issue.

After Defendant filed its motion to strike and partial motion to dismiss, Plaintiff failed to respond to either motion within the time permitted to do so.  As such, on December 9, 2025, the Court issued an order in which Plaintiff was instructed to respond to Defendant's motions and show cause as to why Count I should not be dismissed and why paragraphs 47-50 should not be stricken.  On December 16, 2025, Plaintiff filed a response to both motions (ECF Nos. 12, 13).  Plaintiff did not oppose the motion to strike.  Plaintiff also provided minimal response to the motion to dismiss, citing no authority or explanation as to why Count I is not procedurally deficient as Defendant argued.  Defendant thereafter replied in support of its motions (ECF No. 14) noting Plaintiff's lack of explanation as to why the motion to dismiss should not be granted.

3

After Defendant replied, on January 6, 2026, Plaintiff filed an untimely amended opposition, which this Court construed as a request for leave to file a surresponse (*see* ECF No. 17, granting this request).  In his surresponse, Plaintiff distinguished the authority cited by Defendant and asserted that the notice of right to sue was not deficient because it was issued after dismissal of the charge, as permitted by Title VII.  The Court permitted Defendant to file a surreply in response, which Defendant submitted on January 22, 2026 (ECF No. 19).  Defendant's motion to dismiss and motion to strike are therefore now ripe for review.

## **DISCUSSION**

### A. Defendant's Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). Defendant argues that paragraphs 47 to 50 of the complaint are immaterial and impertinent, as they allude to a disparate impact theory of discrimination not asserted in the claims of intentional discrimination at issue.  Plaintiff "does not oppose this Court entering an order striking Paragraphs 47 through 50 of Plaintiff's Petition/Complaint." ECF No. 13.  Thus, the Court will grant Defendant's motion, and Paragraphs 47 through 50 of the complaint will be stricken.

### B. Defendant's Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The

4

reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

In reviewing a motion to dismiss under Rule 12(b), a court may not typically consider matters outside of the pleadings without converting the motion to one for summary judgment. However, the Court may take judicial notice of items in the public record, including an EEOC charge. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Faibisch v. U. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002). As such, the Court will consider Plaintiff's EEOC charge attached to Defendant's motion to dismiss.[2] The Court will also consider the EEOC's notice of right to sue, which was attached to the petition and therefore embraced by the pleadings. The Court will not, however, consider the email chain attached to Defendant's reply in support of its motion to dismiss (ECF No. 14-1). Defendant argues that its counsel's communications with the EEOC investigator assigned to Plaintiff's charge reveal the EEOC's motivation for issuing the notice of right to sue, which Defendant contends complied only with the EEOC's own regulation and not Title VII. However, this email chain is not a matter of public record or necessarily embraced by the pleadings such that it can be considered on a motion to dismiss.

---

[2] It appears that Defendant attached only part of Plaintiff's charge (the completed EEOC Form 5 and pages 1 and 3 of the attached narrative of particulars along with his service letter). The Court finds this attachment sufficient for the purpose of this motion to dismiss. The EEOC Form 5 and file-stamped narrative both clearly exhibit the date the EEOC received the charge, which is the only matter at issue; the content of the charge is not.

5

Moreover, the EEOC's reasoning for issuing the notice of right to sue is stated in the notice itself, rendering the email communications superfluous at this stage.

To bring a civil action based on race discrimination under Title VII, a plaintiff must first exhaust administrative remedies. *Woelbling v. R.C. Wilson Co.*, 966 F.Supp. 858, 861 (E.D. Mo. 1997) (citing 42 U.S.C. § 2000e-5(e)). To do so, a Title VII plaintiff must timely file a charge of discrimination with the EEOC "and receive, from the EEOC, a 'right to sue' letter." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (citing 42 U.S.C. § 2000e-5(b), (c), (e)). Receipt of a notice of right to sue from the EEOC is a condition precedent to filing a claim under Title VII. *Jones v. Am. State Bank*, 857 F.2d 494, 499-500 (8th Cir. 1988). However, the requirement to obtain a notice of right to sue is curable after commencement of the action and "is not a jurisdictional prerequisite the lack of which requires dismissal." *Woelbling*, 966 F.Supp. at 861 (citing *Jones*, 857 F.2d at 499-500).

There is no dispute that Plaintiff timely filed his charge of discrimination and received a notice of right to sue from the EEOC. Defendant's argument points only to the timing of that notice of right to sue—issued fifty-four days after the EEOC received Plaintiff's charge—which Defendant contends renders the notice invalid. Title VII prescribes two circumstances in which a notice of right to sue may issue, one of which is tied to the passage of 180 days. In relevant part, Title VII states:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action ... or the Commission

6

>has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved [that] within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge....

42 U.S.C. § 2000e–5(f)(1).  Simply put, Title VII authorizes the EEOC to issue the notice of right to sue after: (1) the EEOC has dismissed the charge, or (2) the EEOC does not pursue a civil action or secure conciliation within 180 days or the stated statutory timeframes in sections (c) or (d),[3] whichever is later.  The EEOC's own regulations describe a third scenario.  According to 29 C.F.R. § 1601.28(a)(2), the EEOC may issue a notice of right to sue upon request "at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission" if the EEOC certifies that it "will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge."  Defendant contends that this regulation impermissibly expands the circumstances under which the EEOC is authorized to issue a notice, as it is inconsistent with the only two grounds explicitly stated in Title VII: (1) dismissal of the charge, and (2) the passage of 180 days.[4]

---

[3] Sections (c) and (d) refer to the period of time during which a state deferral agency has an exclusive right to initial processing of a charge of discrimination.

[4] Defendant argues for the first time in its surreply that there is no circumstance under which Title VII permits the EEOC to issue a notice of right to sue before 180 days have passed.  Defendant reads the section of Title VII quoted above to say that the EEOC may only issue a notice of right to sue only after dismissing the charge, or waiting 180 days, "whichever is later."  However, Defendant misreads this section of the statute.  The clause "whichever is later" modifies only the second condition, instructing that with respect to a charge that has *not* been dismissed, the EEOC may issue the notice of right to sue after 180 days "*or the expiration of any period of reference under subsection (c) or (d)*, whichever is later." 42 U.S.C. § 2000e–5(f)(1) (emphasis added).  Defendant cites

7

Defendant argues that Plaintiff's notice of right to sue was issued only because Plaintiff requested it, which is insufficient to justify issuance of the notice of right to sue under Title VII. And indeed, the title of the notice states that it was issued "on request" and explains that the EEOC determined that it is unlikely it will complete its investigation within 180 days. ECF No. 4-2. Defendant argues that in light of the Supreme Court's decision in *Loper Bright*, no deference is owed to the EEOC's regulations interpreting Title VII to allow for the notice of right to sue to be issued on request in less than 180 days. In *Loper Bright*, the Court abrogated the longstanding doctrine requiring federal courts to defer to reasonable agency interpretations of federal law and instead mandated that a court should perform an independent review of a statute to determine whether the agency's action aligns with it. 603 U.S. at 395. Defendant argues that the Court should find 29 C.F.R. § 1601.28(a) invalid applying the standard of review clarified in *Loper Bright*.[5] Defendant goes on to cite cases from other circuits that have held, both before and after *Loper Bright*, that the EEOC's regulation permitting the issuance of a right to sue notice less than 180 days after the charge was filed is contrary to Title VII. *See, e.g.*,

---

no authority in support of its interpretation that the phrase "whichever is later" refers to both circumstances under which Title VII authorizes the EEOC to issue a notice of right to sue.

[5] Defendant further argues that even if 29 C.F.R. § 1601.28(a)(2) is found to be valid, the notice of right to sue is still invalid because EEOC did not even comply with this regulation. Defendant argues that the EEOC could not possibly have determined that it would not complete its investigation within 180 days, as its request for Defendant's response to the charge one day before closing its file indicated that no investigation ever began. However, these facts are not contained in the pleadings or any source that is properly before the Court on the motion to dismiss, so this additional argument will not be considered.

*Prichard v. Long Island Univ.*, 23-CV-09269(EK)(LB), 2025 WL 2163390, at *1 (E.D. N.Y. July 30, 2025); *White v. Univ. of Md. Med. Ctr.*, 642 F.Supp. 3d 504 (D. Md. 2022); *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp.3d 596 (W.D. Va. 2019); *Martini v. Federal Nat. Mortg. Ass'n*, 178 F.3d 1339 (D.C. Cir. 1999).[6]

However, it is not necessary for the Court to decide whether 29 C.F.R. § 1601.28(a)(2) comports with Title VII to allow the EEOC to issue a notice of right to sue prior to 180 days.  This is because the EEOC cited a second reason for terminating its processing of Plaintiff's charge, which falls squarely within the statute.  The notice states that "the EEOC has ***dismissed*** your charge…" (emphasis added) and later refers to the letter as "the EEOC's official notice of dismissal."  ECF No. 4-2.  Title VII permits the EEOC to issue a notice of right to sue if the charge "is dismissed by the Commission" regardless of whether 180 days have passed.  42 U.S.C. § 2000e–5(f)(1).  As Plaintiff notes, none of the cases cited by Defendant involves this scenario in which the notice of right to sue was predicated on *both* the dismissal of the charge and the claimant's request. The cases cited by Defendant speak only to the scenario in which the EEOC issued a notice of right to sue after receiving a request from the claimant and determining it to be

---

[6] The Court notes that there is a circuit split regarding whether 29 C.F.R. § 1601.28(a)(2) is valid.  While Defendant points only to decisions invalidating the EEOC's regulation, the majority of circuits that have spoken to this issue have found the regulation to be valid, albeit prior to *Loper Bright*.  See *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994); *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984); *see also Backus v. Mena Newspapers, Inc.*, 224 F. 2d 1228, 1231-32 (W.D. Ark. 2002) (noting that while the Eighth Circuit has not spoken to this issue, "the Court is convinced that it would follow the majority view" given the principle recognized in this circuit that failure to obtain a notice of right to sue is curable).

9

unlikely that it would complete its investigation in 180 days. Defendant argues that this difference "is one of semantics and irrelevant." ECF No. 19 at 2. The Court disagrees. In those cases, because the EEOC issued a notice of right to sue *only* following the procedure under 29 C.F.R. § 1601.28(a)(2), the question of whether that regulation truly aligned with congressional intent was necessarily before those courts. Here, it is not.

Defendant seems to suggest that, notwithstanding the language contained in the notice, the *only real* reason the EEOC issued the right to sue letter was because Plaintiff requested it. And the Court is not unsympathetic to the fact that by presenting multiple, and perhaps conflicting, reasons for the issuance of the right to sue, the EEOC has left the parties in the undesirable position of determining which reason truly prompted the EEOC to close its file. However, Defendant does not argue that the dismissal itself was somehow defective or not independently sufficient. Defendant also presents no argument that the EEOC cannot *both* dismiss a charge and incidentally fulfill a claimant's request to issue a notice of right to sue before the passage of 180 days. Whether the latter is consistent with Title VII is inapposite given that the former is enough. It is not the province of the Court to ascertain the true intent of the EEOC at this early stage. By presenting a notice that facially states that the EEOC dismissed Plaintiff's charge, the facts pleaded, taken as true, and all reasonable inferences demonstrate that Plaintiff has done enough to satisfy administrative prerequisites.

Further, even if the EEOC's stated reasoning invoking 29 C.F.R. § 1601.28(a)(2) somehow rendered the notice invalid (it does not), the Court is not convinced that dismissal would be the appropriate remedy. To the contrary, the Eighth Circuit has made

clear that the failure to obtain a notice of right to sue is defect curable after the commencement of the claim and not a fatal flaw necessitating its dismissal. *Jones*, 857 F.2d at 499-500; *see also Woelbling*, 966 F.Supp. at 861 (citing *Jones*, 857 F.2d at 499-500) (failure to properly exhaust administrative remedies "is not a jurisdictional prerequisite the lack of which requires dismissal"). For these reasons, Plaintiff has cleared the initial hurdle to proceed with his Title VII claim.

## CONCLUSION

The Court finds that Plaintiff has done enough to demonstrate that he has complied with administrative prerequisites necessary to initiate this action. Because the EEOC purported to dismiss Plaintiff's charge, it is not necessary to address whether 29 C.F.R. § 1601.28(a)(2) prescribes valid procedures under which the EEOC may issue a notice of right to sue upon request.

Accordingly, and for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to strike [ECF No. 8] is **GRANTED**, and Defendant's motion to dismiss [ECF No. 7] is **DENIED**.

*Audrey G. Fleissig*  
AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2026.